**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| SECUNDINO GARCIA PICHARDO and ERIC RATZLAFF, *on behalf of themselves, FLSA Collective Plaintiffs, and the Class,* | Case No.: |
| Plaintiffs, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | **Jury Trial Demanded** |
| BOSTON POST FOOD CORP. d/b/a C-TOWN, 57JR FOODS CORP d/b/a C TOWN SUPERMARKET, and C TOWN SUPERMARKETS 1-20, | |
| Defendants. | |

---

Plaintiffs SECUNDINO GARCIA PICHARDO ("Plaintiff PICHARDO") and ERIC RATZLAFF ("Plaintiff RATZLAFF") (collectively "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, BOSTON POST FOOD CORP. d/b/a C-TOWN, 57JR FOODS CORP d/b/a C TOWN SUPERMARKET, and C TOWN SUPERMARKETS 1-50 ("Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs allege pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime premiums; (2) unpaid wages, including overtime, due to time shaving; (3) liquidated damages; and (4) attorney's fees and costs.

2.      Plaintiffs further allege pursuant to New York Labor Law ("NYLL"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages overtime premiums;  (2) unpaid wages, including overtime, due to time shaving; (3) unpaid spread of hours premiums; (4) unlawful penalty deductions; (5) liquidated damages; (6) statutory penalties; and (7) attorney's fees and costs.

3.      Plaintiff PICHARDO further alleges that Defendants violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C.  § 2601 *et seq,* when they would not allow Plaintiff to go to physical therapy sessions for an ankle injury that worsened as a result Plaintiff not being able to go to the physical therapy sessions. Plaintiff seeks all applicable remedies under the law, including compensatory damages, punitive damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy, pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint took place in this District and because Defendants' principal place of business is in this District.

## PARTIES

6.      Plaintiff SECUNDINO GARCIA PICHARDO is a resident of Bronx County.

7.      Plaintiff ERIC RATZLAFF is a resident of Kings County.

8.      Defendants operate fifteen (15) supermarkets ("the Supermarkets") in New York

City. The Supermarkets are located at:

    a)  188 Avenue C, New York, NY 10009;

    b)  953 Manhattan Avenue, Brooklyn, NY 11222;

    c)  5 Street James Place, New York, NY 10038;

    d)  130 Havemeyer Street, Brooklyn, NY 11211;

    e)  330 Graham Avenue, Brooklyn, NY 11211;

    f)  1721 First Avenue, New York, NY 10128;

    g)  41-25 Greenpoint Avenue, New York, NY 11104 – *CLOSED*;

    h)  34-12 34th Avenue, Astoria, NY 11106;

    i)  21-30 Newtown Avenue, Astoria, NY 11102;

    j)  241 Taaffe Place, Brooklyn, NY 11205;

    k)  239 Bond Street, Brooklyn, NY 11217;

    l)  40-12 28th Avenue, Astoria, NY 11103;

    m) 238 W 116th Street, New York, NY 10026;

    n)  59-15 Roosevelt Avenue, Woodside, NY 11377; and

    o)  57 Mill Street, Brooklyn, NY 11231.

*See* **Exhibit A.**

9.      Defendants operate the Supermarkets as a single integrated enterprise in New York.

Specifically, the Supermarkets:

3

a)  Share the same corporate office located at 65 West Red Oak Lane, White Plains, New York 10604. *See* **Exhibit B** for a screenshot of Defendants' Corporate Office Information.

b)  Share the same name ("C Town") and the same logo. *See* **Exhibit C** for a screenshot of Defendants' name and logo.

c)  Are advertised on the same website, https://www.ctownsupermarkets.com/.

d)  Circulate the same weekly advertisements. *See* **Exhibit D** for a screenshot of weekly advertisements.

e)   Sell the same sort of goods and products.

f)  All Supermarkets implement common payroll and wage policies.

g)  All Supermarkets transfer employees among its various locations.

10.     Corporate Defendant BOSTON POST FOOD CORP. d/b/a C-TOWN is a domestic business corporation organized under the laws of New York, with a principal place of business and service of process address located at 4008 Boston Road, The Bronx, NY 10475.

11.     Corporate Defendant 57JR FOODS CORP d/b/a C TOWN SUPERMARKET is a domestic business corporation organized under the laws of New York, with a principal place of business and service of process address located at 57 Mills Street, Brooklyn, NY 11231.

12.     Defendant C TOWN SUPERMARKETS 1-50 are individual supermarkets located throughout New York. Defendant C TOWN SUPERMARKETS 1-50, or the corporate entities through which Supermarkets are operated, all have common payroll and wage policies.

13.     At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

14.     At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs, and Class Members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiffs bring claims for relief as a collective action against Defendants pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to cashiers, stock persons, counter employees, baggers, and department workers among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

16.     At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, including as a result of Defendants' policy of time shaving.

17.     The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs. The claims for relief are properly brought under and maintained as an opt-in collective action, pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

18.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including but not limited to cashiers,

stock persons, counter employees, baggers, and department workers among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are able to be determined from the records of Defendants. The hours assigned and worked, the title of the position held, and rates of pay for each Class Member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

20.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number is based are presently within the sole control of Defendants. There is no doubt that there are more than forty (40) members of the Class.

21.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to Defendants' corporate practices of: (i) failing to pay overtime premiums; (ii) failing to pay wages, including overtime, due to time shaving; (iii) failing to pay spread of hours premium; (iv) failing to provide wage notices to Class Members, at date of hiring and dates of all wage changes; and (v) failing to provide Class Members with wage statements with every payment of wages, pursuant to NYLL. Moreover,

with regard to Plaintiff RATZLAFF and Class Members, Defendants failed to pay wages due to unlawful penalty deduction in violation of the NYLL

22.     Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25.     Defendants and other employers throughout the country violate NYLL and applicable state laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

a)  Whether Defendants employed Plaintiffs and the Class within the meaning of NYLL;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and the Class Members properly;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class Members for their work;

d)  Whether Defendant properly notified Plaintiffs and the Class Members of their hourly rates and overtime rates;

e)  Whether Defendants properly compensated Plaintiffs and Class Members the proper overtime compensation at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek under the NYLL;

f)  Whether Defendants failed to pay Plaintiffs and the Class Members all wages owed, including overtime, due to a policy of time shaving;

g)  Whether Defendants paid Plaintiffs and Class Members the New York State "spread of hours" premium when their workdays exceeded ten hours;

h)  Whether Defendants paid Plaintiff RATZLAFF and Class Members all wages owed due to Defendants' policy of unlawful penalty deductions;

i)  Whether Defendants provided wage notice, at date of hiring and dates of all wage changes thereafter, to all non-exempt employees per requirements of NYLL; and

j)  Whether Defendants provided wage statements for each pay period to Plaintiffs and Class Members, in accordance with NYLL.

## **STATEMENT OF FACTS**

***Wage and Hour Claims***

## **Plaintiff SECUNDINO GARCIA PICHARDO:**

27.    In or around September 18, 2016, Plaintiff PICHARDO was hired by Defendants to work as a deli person for Defendants' C-Town supermarket, located at 4008 Boston Road, The

Bronx, NY 10475. Plaintiff PICHARDO's employment with Defendants terminated in or around June 22, 2022.

28.     Throughout Plaintiff PICHARDO's employment with Defendants, he was scheduled to work six (6) days per week, Mondays through Saturdays, from 7:00 a.m. to 3:00 p.m. for a total of forty-eight (48) hours per week. Additionally, for two and a half months in 2019, Plaintiff PICHARDO was scheduled to work six (6) day per week, from 7:00 a.m. to 10:00 p.m. for a total of ninety (90) hours per week. FLSA Collective Plaintiffs and Class Members worked similar hours.

29.     Throughout Plaintiff PICHARDO's employment with Defendants, he was paid New York City minimum wage at a straight rate. At all times, Plaintiff PICHARDO was paid weekly in cash. FLSA Collective Plaintiffs and Class Members were paid at similar rates at a straight rate by cash every week.

**Plaintiff ERIC RATZLAFF**

30.     In or around October 2016, Plaintiff RATZLAFF was hired by Defendants to work as a cashier for Defendants' C Town Supermarket, located at 57 Mills Street, Brooklyn, NY 11231. Plaintiff RATZLAFF's employment with Defendants terminated in or around October 2019.

31.     Throughout Plaintiff RATZLAFF's employment with Defendants, he was scheduled to work three (3) days per week, Fridays through Sundays, from 8:00 a.m. to 9:00 p.m. for a total of thirty-nine (39) hours per week, but often worked more than forty (40) hours per week. FLSA Collective Plaintiffs and Class Members worked similar hours.

32.     Throughout Plaintiff RATZLAFF's employment with Defendants, he was paid fifteen dollars ($15) per hour. At all times, Plaintiff RATZLAFF was paid weekly in cash. FLSA

Collective Plaintiffs and Class Members were paid at similar rates at a straight rate by cash every week.

33.     Throughout Plaintiff RATZLAFF's employment with Defendants, his pay was always short one hundred dollars ($100) to two hundred dollars ($200) per week. When Plaintiff RATZLAFF complained to Defendants about this, they would tell him, "You were short on your cash register so we're taking it from your pay." Defendants did not pay Plaintiff RATZLAFF and Class Members all wages owed because they would regularly be short on cash.

*Plaintiffs and Class Claims*

34.     At all relevant times, Plaintiffs were time shaved by Defendants because they engaged in substantial off-the-clock work. At the end of the day, Plaintiffs would be instructed by there managers to clock out. However, Plaintiffs would continue to work an additional thirty (30) minutes every day. FLSA Collective Plaintiffs, and Class Members were similarly engaged in unpaid off-the-clock work.

35.     Plaintiffs were further time shaved by Defendants as they were subject to a thirty (30) minute meal break deduction every day. Plaintiffs could not take full meal breaks as Defendants were always busy and required Plaintiffs to perform work while they were supposed to be on break. Despite, not taking their full break Plaintiffs were always deducted thirty (30) minutes from their wages. FLSA Collective Plaintiffs, and Class Members also suffered similarly from Defendants' illegal time shaving policy because they were not paid for all hours worked, including for meal breaks that were not fully taken.

36.     At all relevant times, Plaintiffs, FLSA Collective Plaintiffs, and Class Members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime premium rate of one-and-half times of their regular hourly rate for each hour exceeding

forty (40) hours per workweek including due to time shaving, in violation of the FLSA and the NYLL.

37.     At all relevant times, Plaintiffs and Class Members worked days that exceeded ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiffs and Class Members the spread of hours premium for workdays that exceeded ten (10) hours in length.

38.     In failing to provide wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiffs' interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

39.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiffs and Class Members.

40.     Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate thereof for hours worked over forty (40) in a workweek, including due to Defendants' time shaving policy, in violation of the FLSA or NYLL.

41.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and Class Members, in violation of the NYLL.

42.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff RATZLAFF and Class Members their lawful wages due to unlawful penalty deductions.

43.     Defendants knowingly and willfully operated their business with a policy of not providing wage notices to employees, at the beginning of employment and on dates of all wage changes thereafter, pursuant to the requirements of NYLL.

44.     Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under NYLL.

***Plaintiff PICHARDO FMLA Claims***

45.     In or around December 2020, Plaintiff PICHARDO injured his ankle. Plaintiff PICHARDO did not work and was in bed rest until in or around March 2021. In or around March 2021 Plaintiff PICHARDO got approval from his doctor to work on the condition that he regularly attend physical therapy sessions and returned to work.

46.     Upon his return, Plaintiff PICHARDO told his managers Orlando [LNU] and Ramon [LNU], as well as Beatrice [LNU] about his need to continually take off to attend physical therapy sessions. Orlando [LNU] and Ramon [LNU], as well as Beatrice [LNU] initially approved of Plaintiff PICHARDO taking off to attend physical therapy sessions, but as the appointment days approached, Orlando [LNU] and Ramon [LNU], as well as Beatrice [LNU] would say he could not take off because they were short-staffed. As a result, Plaintiff missed these physical therapy sessions and his condition worsened.

47.     At all times, Plaintiff PICHARDO would give Orlando [LNU] and Ramon [LNU], as well as Beatrice [LNU] verbal notice that he needed to take the day off for therapy sessions. However, Orlando [LNU] and Ramon [LNU], as well as Beatrice [LNU] would threaten to fire Plaintiff PICHARDO saying, "You can't take off we are short-staffed on that day. If you want to take off don't bother coming back." On the days that Plaintiff PICHARDO informed Orlando [LNU] and Ramon [LNU], as well as Beatrice [LNU] he needed off, there would be no other employees to relieve Plaintiff PICHARDO when he needed to leave. Plaintiff PICHARDO was forced to continue working as he couldn't leave the deli department un-staffed. When he attempted to leave, he was told by Beatrice [LNU], "go back to the Deli, because your relief is on the cash register right now."

48.     As a result of Defendants not allowing Plaintiff PICHARDO to attend the physical therapy sessions, his condition has worsened. Plaintiff PICHARDO never went to any therapy sessions when he was employed by Defendants, even though he was instructed by his doctor to go three (3) to four (4) times a week.

49.     Furthermore, Defendants made Plaintiff PICHARDO work more than agreed upon. Plaintiff PICHARDO was only supposed to work eight (8) hour shifts, but because they were understaffed Defendants made Plaintiff PICHARDO work up to twelve (12) hour shifts.

50.     Plaintiff PICHARDO is still receiving treatment for his injuries. His last doctor's appointment was on May 31, 2022. Plaintiff PICHARDO is scheduled for an MRI and doctor's appointment on February 6, 2023.

51.     Defendants violated the Family Medical Leave Act ("FMLA") when they threatened to terminated Plaintiff for asserting his right for leave to attend to his serious health

condition. Plaintiff formally attempted to assert his rights under the FMLA but was denied by

Defendants, including [NAME].

52.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA

Collective Plaintiffs, and Class Members in this litigation and has agreed to pay the firm a

reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

53.     Plaintiffs reallege and reaver all the foregoing paragraphs of this Class and

Collective Action Complaint as if fully set forth herein.

54.     At all relevant times, Defendants were and continue to be employers engaged in

interstate commerce and/or the production of goods for commerce within the meaning of FLSA,

29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered

individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective

Plaintiffs within the meaning of FLSA.

56.     At all relevant times, Corporate Defendants had gross annual revenues in excess of

$500,000.

57.     At all relevant times, Defendants had a policy and practice of refusing to pay

Plaintiffs and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of time

and one-half.

58.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and FLSA Collective Plaintiffs for all wages owed, including overtime, due to a policy of time shaving.

59.     Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

60.     Defendants knew of, and/or showed a willful disregard for, the provisions of FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs all wages, including overtime, due when Defendants knew or should have known such was due.

61.     Defendants failed to properly apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under FLSA.

62.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

63.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premiums; unpaid wages, including overtime, due to time shaving; plus an equal amount as liquidated damages.

64.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**VIOLATION OF NEW YORK LABOR LAW**

65.     Plaintiffs reallege and reaver all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

66.     At all relevant times, Plaintiffs and Class Members were employed by Defendants within the meaning of NYLL §§ 2 and 651.

67.     Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours each workweek.

68.     Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them all wages owed, including overtime, through a policy of time shaving.

69.     Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay "spread of hours" premium to them for each workday that exceeded ten (10) or more hours.

70.     Defendants knowingly and willfully violated Plaintiff RATZLAFF's and Class Members' rights by failing to pay them all wages owed, due to Defendants' unlawful penalty deduction policy. Defendants were regularly short on cash and could not pay Plaintiff RATZLAFF or Class Members all their wages owed.

71.     Defendants knowingly and willfully failed to provide wage and hour notices to employees pursuant to the requirements of NYLL.

72.     Defendants knowingly and willfully operated their business with a policy of not providing wage statements as required under NYLL.

17

73.     Due to Defendants' NYLL violations, Plaintiffs and Class Members are entitled to recover unpaid overtime premiums; unpaid wages, including overtime, due to time shaving; unpaid spread of hours premiums; unpaid wages due to Defendants' unlawful penalty deductions; reasonable attorney's fees; liquidated damages; statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## <u>INTERFERENCE AND RETALIATION UNDER THE<br>FAMILY AND MEDICAL LEAVE ACT</u>

74.     Plaintiffs reallege and reaver all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

75.     The FMLA states in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period …. because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S. Code § 2612(a)(1)(D).

76.     The FMLA defines serious health condition as, "an illness, injury, impairment, or physical or mental condition that involves … continuing treatment by a health care provider. 29 U.S. Code § 2611(11).

77.     Section 2615(a) of the FMLA, states in pertinent part:

Interference with rights.

  i.   Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

 ii.   Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

78.     Defendants are subject to the FMLA as a covered employer. Defendants are a covered employer because they employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar workweeks in the year preceding their violation of Plaintiff PICHARDO's rights under the FMLA. Defendants have more than thirty (30) employees and therefore meet FMLA standards.

79.     Plaintiff PICHARDO is an eligible employee under the FMLA because he had worked at least 1,250 hours in the 12 months preceding her request for leave.

80.     Defendants interfered with Plaintiff PICHARDO's rights under the FMLA by threatening to terminate him because he wanted to take off to go to physical therapy sessions for a serious health condition.

81.     Plaintiff PICHARDO seeks all applicable remedies under the law, including compensatory damages, punitive damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs, and Class Members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA, NYLL, and FMLA;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them prohibiting them from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime premiums due under the FLSA and NYLL;

d. An award of unpaid wages, including overtime, due to Defendants' policy of time shaving under FLSA and NYLL;

e.   An award of unpaid "spread of hours" premium due under the NYLL;

f.   An award of wages, including wages, due to unlawful penalty deductions due under the NYLL;

g.   An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under NYLL;

h.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

i.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours of work, pursuant to NYLL;

j.   All applicable compensatory and punitive damages under the FMLA;

k.   An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorney's and expert fees and statutory penalties;

l.   Designation of Plaintiffs as the Representatives of FLSA Collective Plaintiffs;

m.   Designation of this action as a class action pursuant to F.R.C.P. 23;

n.   Designation of Plaintiffs as Representatives of the Class; and

o.   Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: October 25, 2022                    Respectfully submitted,

                      By:      */s/ C.K. Lee*
                               C.K. Lee (CL 4086)

                               **LEE LITIGATION GROUP, PLLC**
                               C.K. Lee (CL 4086)
                               Anne Seelig (AS 1976)
                               148 West 24th Street, 8th Floor
                               New York, NY 10011
                               Tel.: 212-465-1188
                               Fax: 212-465-1181
                               *Attorneys for Plaintiffs,*
                               *FLSA Collective Plaintiffs,*
                               *and the Class*